JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-5168 PA (AFMx) | Date | September 12, 2016 |
|---|---|---|---|
| Title | Northern Va. Operating Co., LLC, et al. v. CIGNA Healthcare of Ca., Inc., et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Stephen Montes Kerr | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   IN CHAMBERS - ORDER

Before the Court is a Motion to Remand filed by plaintiffs Northern Virginia Operating Company, LLC; Sleep Med, LLC; KSK Enterprises, LLC; Midsouth Sleep Diagnostic Center, Inc.; MD Sleep Med, LLC; Duncan Operating, LLC; Covington Operating Company, LLC; American Sleep Medicine, LLC; Indianapolis Operating Company, LLC; Jacksonville Operating Company, LLC; JB-1MC, LLC; Houston Operating Company, LLC; St. Louis Sleep Center, LLC; and Maryland Sleep Medicine, LLC (collectively "Plaintiffs"). (Docket No. 13, 18.) Defendants CIGNA Health & Life Insurance Company and Connecticut General Life Insurance Company (collectively "Defendants") have filed an Opposition. (Docket No. 24.) Also before the Court is Defendants' Motion to Dismiss Plaintiffs' First Amended Complaint (Docket No. 21), to which Plaintiffs have filed an Opposition (Docket No. 23). Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that these matters are appropriate for decision without oral argument. The hearings calendared for September 12, 2016, are vacated, and the matters taken off calendar.

**I.   Background**

Plaintiffs operate "American Sleep" centers which conduct sleep disorder research and provide treatment to patients suffering from sleep disorders. (Compl. ¶ 30.) Plaintiffs allege that prior to scheduling or performing any medical services, Plaintiffs call the patients' insurer to verify that reimbursement for medical services will be made at the usual and customary rate for similar medical services in Plaintiffs' geographic region. (Id. ¶43.) Relying on these representations, Plaintiffs provided medical care to 7,926 patients insured by Defendants. (Id. ¶¶ 32, 44.) However, because Plaintiffs are out-of-network providers, Defendants have failed to fully reimburse Plaintiffs for over $22 million dollars in medical care provided to patients. (Id. ¶¶ 32, 36.)

On June 8, 2016, Plaintiffs initiated the instant action in Los Angeles County Superior Court, asserting claims against Defendants for breach of implied contract, breach of the implied covenant of good faith and fair dealing, fraud, negligent misrepresentation, unjust enrichment, unfair business practices in violation of California Business & Professions Code § 17200, recovery of payment for services rendered, and quantum meruit. Defendants removed the action to federal court on July 13,

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-5168 PA (AFMx) | Date | September 12, 2016 |
|---|---|---|---|
| Title | Northern Va. Operating Co., LLC, et al. v. CIGNA Healthcare of Ca., Inc., et al. | | |

2016, asserting that federal subject matter jurisdiction exists over the action under 28 U.S.C. §§ 1331 and 1332.

Presently before the Court is a Motion to Remand filed by Plaintiffs, and a Motion to Dismiss filed by Defendants.

**II.    Legal Standard: Motion to Remand**

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress.  See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994).  A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit.  28 U.S.C. § 1441(a).  A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction.  28 U.S.C § 1447(c).  "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction."  Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1265 (9th Cir. 1999).  "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."  Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

Defendants allege that the Court has subject matter jurisdiction based on the Court's federal question and diversity jurisdiction.  See 28 U.S.C. §§ 1331, 1332.

**III.    Federal Question**

Under 28 U.S.C. § 1331, this Court has original jurisdiction over civil actions "arising under" federal law.  Removal based on § 1331 is governed by the "well-pleaded complaint" rule.  Caterpillar, Inc. v. Williams, 482 U.S. 386, 392, 107 S. Ct. 2425, 2429, 96 L. Ed. 2d 318 (1987).  Under the rule, "federal jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint."  Id.  Generally, there is no federal question jurisdiction simply because there is a federal defense to the claim.  Id.  However, there is an exception to this general rule, known as the complete preemption doctrine.  Toumajian v. Frailey, 135 F.3d 648, 653 (9th Cir. 1998).  Under this exception, "even if the only claim in a complaint is a state law claim, if that claim is one that is 'completely preempted' by federal law, federal subject matter jurisdiction exists and removal is appropriate."  Id.

The Ninth Circuit has held that a medical provider's claims are not completely preempted by ERISA where the provider is seeking payment based upon a separate agreement between it and the insurer.  Marin General Hospital v. Modesto & Empire Traction Company, 581 F.3d 941, 951 (9th Cir. 2009).  In Marin, the plaintiff hospital sued a patient's employer, the employer's CEO, and a benefits administrator in state court for breach of contract, negligent misrepresentation, quantum meruit, and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-5168 PA (AFMx) | Date | September 12, 2016 |
|---|---|---|---|
| Title | Northern Va. Operating Co., LLC, et al. v. CIGNA Healthcare of Ca., Inc., et al. | | |

estoppel. Id. at 943. The hospital's claims were based on allegations that the benefits administrator had orally verified the patient's coverage, authorized treatment for the patient, and agreed to cover 90% of the medical expenses incurred. Id. However, after the benefits administrator was billed by the hospital, it refused to pay the 90% that it had previously promised. Id. at 943-44. The defendants removed the action based on ERISA preemption, and the district court denied the hospital's motion to remand. Id. at 944. On appeal, the Ninth Circuit concluded that the action should have been remanded. Id. at 951. Under the two-prong test articulated by the Supreme Court in Aetna Health Inc. v. Davila, 542 U.S. 200, 210, 124 S. Ct. 2488, 159 L. Ed. 2d 312 (2004), a state-law cause of action is completely preempted if: (1) an individual, at some point in time, could have brought the claim under ERISA; and (2) there is no other independent legal duty that is implicated by the defendant's actions. Applying Davila, the Ninth Circuit found that the hospital's claims were not completely preempted by ERISA because they were based upon an alleged oral contract with the defendants, which gave rise to an independent legal duty to pay the disputed medical expenses, and prevented the claims from being brought under ERISA. Id. at 949-50.

In concluding that complete ERISA preemption did not apply, the Ninth Circuit's opinion in Marin distinguished between ERISA § 502(a) complete preemption and conflict preemption under ERISA § 514(a), which preempts provisions of state law that "relate to" ERISA. Id. at 945. While complete preemption under § 502(a) creates federal subject matter jurisdiction, conflict preemption under § 514(a) is a defense that "does not confer federal question jurisdiction on a federal district court." Id. As the Ninth Circuit has explained complete preemption, "[i]f a complaint alleges only state-law claims, and if these claims are entirely encompassed by § 502(a), that complaint is converted from 'an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.'" Id. (quoting Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 65-66, 107 S. Ct. 1542, 95 L. Ed. 2d 55 (1987)).

Defendants' Notice of Removal alleges that the action "relates to employee benefit plans, and is therefore preempted by 29 U.S.C. § 1144(a) of the Employee Retirement and Income Security Act ('ERISA')." (Notice of Removal ¶ 1.) Contrary to Defendants' description of the Complaint as bringing claims based on the terms of an ERISA plan, Plaintiffs' Complaint alleges claims for: (1) breach of implied contract, (2) breach of implied covenant of good faith and fair dealing, (3) fraud, (4) negligent misrepresentation, (5) unjust enrichment, (6) unfair business practices, (7) recovery of payment for services rendered, and (8) quantum meruit. According to the Complaint, "Plaintiff's claims do not arise under [ERISA] and are not based on the patients' plan[s]," and are instead based on implied oral contracts which authorized Plaintiffs to provide services to Defendants' insureds with the expectation of repayment at a reasonable rate. (Compl. ¶¶ 51-52.) In support of these allegations, the Complaint alleges that Defendants verified that they would remunerate reasonable reimbursement in phone conversations with Plaintiffs. (Id. ¶¶ 43-44.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-5168 PA (AFMx) | Date | September 12, 2016 |
|---|---|---|---|
| Title | Northern Va. Operating Co., LLC, et al. v. CIGNA Healthcare of Ca., Inc., et al. | | |

Based on the Complaint's allegations, this case is squarely governed by Marin. Numerous district courts considering factual allegations similar to those in the Complaint[1/] have concluded that, under Marin, ERISA preemption is inapplicable. See, e.g., Healthcare Ally Mgmt. of California, LLC v. US Airways, Inc., No. CV 16-1411 PA (JCx), 2016 WL 1069944 (C.D. Cal. Mar. 17, 2016); John Muir Health v. Cement Masons Health & Welfare Trust Fund for N. California, 69 F. Supp. 3d 1010, 1019 (N.D. Cal. 2014); Los Angeles Sleep Studies Inst. v. Anthem Blue Cross Life & Health Ins. Co., No. CV 14-3545 JAK (ASx), 2014 WL 5421044 (C.D. Cal. Oct. 23, 2014); Lodi Mem'l Hosp. Ass'n, Inc. v. Am. Pac. Corp., No. CV 14-1865 JAM DAD, 2014 WL 5473540 (E.D. Cal. Oct. 20, 2014).

Defendants attempt to distinguish themselves from these cases by asserting that, since February 2013, Defendants have automatically played a prerecorded message to anyone calling to verify benefits, which states:

> By continuing with this call, you understand, accept and agree that the following covered services information does not guarantee coverage or payment and is subject to all benefit plan provisions. Please refer to the Summary Plan Description for coverage. Payment for services will be based on medical necessity, plan provisions, including limitations and exclusions, and eligibility at the time of service."

(Opp'n to Motion to Remand, 10-11; Notice of Removal ¶ 19.)

At most, the prerecorded message may form the basis of a defense to Plaintiffs' claims that an implied contract was formed. See Restatement (Second) of Contracts § 53 (1981); Queen's Med. Ctr. v. Kaiser Found. Health Plan, Inc., 948 F. Supp. 2d 1131, 1148 (D. Haw. 2013). However, any purported insufficiencies in Plaintiffs' claims are irrelevant to determining whether Plaintiffs' claims are preempted by ERISA. Defendants' assert that the relief Plaintiffs seek is more readily available under ERISA than through the Complaint's defective allegations of an implied oral contract. However, even if true, this belief is wholly insufficient to demonstrate that Plaintiffs' claims are preempted. Instead, under Marin, a claim is not preempted when a healthcare provider asserts a right to relief under an oral contract and disclaims reliance on the terms of any ERISA-governed plans. Marin, 581 F.3d at 949-50. Because that is the exact case presented here, the Court concludes that Plaintiffs' claims are not completely preempted by ERISA. Accordingly, the Court lacks federal subject matter jurisdiction over Plaintiffs' claims under 28 U.S.C. § 1331.

---

[1/] Indeed, Defendants assert that "it appears Plaintiffs used cases such as Marin General and Lodi Memorial as a template to plead their claims . . . ." (Opp'n to Motion to Remand, 10.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-5168 PA (AFMx) | Date | September 12, 2016 |
|---|---|---|---|
| Title | Northern Va. Operating Co., LLC, et al. v. CIGNA Healthcare of Ca., Inc., et al. | | |

**IV.     Diversity Jurisdiction**

Alternatively, Defendants assert that this action was properly removed under the Court's diversity jurisdiction. Jurisdiction may be based on complete diversity of citizenship, requiring all plaintiffs to have a different citizenship from all defendants and for the amount in controversy to exceed $75,000.00. See 28 U.S.C. § 1332; Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 373, 98 S. Ct. 2396, 2402, 57 L. Ed. 2d 274 (1978). A corporation is a citizen of both its state of incorporation and the state in which it has its principal place of business. 28 U.S.C. § 1332(c)(1); see also New Alaska Dev. Corp. v. Guetschow, 869 F.2d 1298, 1300-01 (9th Cir. 1989). By contrast, the citizenship of a partnership or other unincorporated entity is the citizenship of its members. See Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006) ("[L]ike a partnership, an LLC is a citizen of every state of which its owners/members are citizens."); Marseilles Hydro Power, LLC v. Marseilles Land & Water Co., 299 F.3d 643, 652 (7th Cir. 2002) ("[T]he relevant citizenship [of an LLC] for diversity purposes is that of the members, not of the company"); Handelsman v. Bedford Village Assocs., Ltd. P'ship, 213 F.3d 48, 51-52 (2d Cir. 2000) ("[A] limited liability company has the citizenship of its membership"); Cosgrove v. Bartolotta, 150 F.3d 729, 731 (7th Cir. 1998); TPS Utilicom Servs., Inc. v. AT & T Corp., 223 F. Supp. 2d 1089, 1101 (C.D. Cal. 2002) ("A limited liability company . . . is treated like a partnership for the purpose of establishing citizenship under diversity jurisdiction.").

Defendants have failed to carry their burden of establishing that the parties are completely diverse because neither the Complaint nor the Notice of Removal properly allege Plaintiffs' citizenship. Plaintiff Midsouth Sleep Diagnostic Center is alleged to be a Tennessee corporation, but the Complaint does not allege the corporation's state of incorporation or principal place of business. (See Compl. ¶ 7.) The remaining thirteen plaintiffs are Virginia, California, Tennessee, Maryland, Alabama, Kentucky, Kansas, Indiana, Florida, New Jersey, Texas, Missouri, and Maryland limited liability companies. (Id. ¶¶ 4-6, 8-17.) However, the Complaint does not allege the citizenship of the members of any of these limited liability companies. The Complaint's allegations therefore fail to establish Plaintiffs' citizenship for jurisdictional purposes. Similarly, the Notice of Removal merely repeats the jurisdictional allegations of the Complaint, and erroneously identifies Plaintiffs as corporations. (Notice of Removal, ¶6(b).) Finally, Defendants' Opposition to the Motion to Remand does not attempt to cure the deficiencies in the allegations of Plaintiffs' citizenship.

Accordingly, Defendants have failed to carry their burden of establishing that there is complete diversity among the parties and, therefore, the Court lacks jurisdiction under 28 U.S.C. § 1332.

**V.     Costs and Attorneys Fees**

Finally, Plaintiffs seek $8,750.00 in costs and attorneys fees incurred as a result of removal. "An order remanding the case may require payment of just costs and any actual expenses, including attorney

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-5168 PA (AFMx) | Date | September 12, 2016 |
|---|---|---|---|
| Title | Northern Va. Operating Co., LLC, et al. v. CIGNA Healthcare of Ca., Inc., et al. | | |

fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). An award of fees under this section is left to the district court's discretion. Martin v. Franklin Capital Corp., 546 U.S. 132, 139, 126 S. Ct. 704, 710, 163 L. Ed. 2d 547 (2005). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." Id. at 141, 126 S. Ct. at 711 (emphasis added); see also Gardner v. UICI, 508 F.3d 559, 562 (9th Cir. 2007).

     The Court finds that with respect to diversity jurisdiction, Defendants had an objectively reasonable basis for seeking removal. As explained above, Defendants erred by failing to properly establish Plaintiffs' citizenship. However, after further discovery, it may be the case that complete diversity indeed exists between the parties. As a result, it cannot be said that Defendants lacked an objectively reasonable basis for removal. The Court therefore exercises its discretion to deny an award of attorneys fees and costs.

### Conclusion

     Based on the foregoing, the Court concludes that Defendants have not met their burden of establishing the existence of the Court's subject matter jurisdiction under either 28 U.S.C. §§ 1331 or 1332. Accordingly, Plaintiffs' Motion to Remand is granted in part and denied in part. This action is hereby remanded to Los Angeles County Superior Court, Case No. BC623037, for lack of subject matter jurisdiction. See 28 U.S.C. § 1447(c). Plaintiffs' request for attorneys fees and costs is denied. Defendants' Motion to Dismiss is denied as moot.

     IT IS SO ORDERED.